UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ROBERTA DANZA**, *Individually and On Behalf of All Others Similarly Situated*,<br><br>       Plaintiff,<br><br> v.<br><br>**PLANNED FURNITURE PROMOTIONS, INC.** and **WAGE SOLUTIONS, INC.**<br><br>       Defendants. | Civil Case No.:<br><br>**COLLECTIVE ACTION COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff Roberta Danza, individually and on behalf of all others similarly situated, by and through her attorneys, JTB Law Group, LLC, hereby brings this Collective Action Complaint against Defendants Planned Furniture Promotions, Inc. and Wage Solutions, Inc., alleges of her own knowledge and conduct and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action, individually and as a collective action on behalf of all others similarly situated, to recover unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs as a result of Defendants' willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.* and attendant regulations at 29 C.F.R. §516, *et seq.*

2. In addition, Plaintiff brings this action individually to recover unpaid overtime wages, liquidated damages, pre-judgment interest, and reasonably attorneys' fees and costs as a result of Defendants' violations of the New York Labor Law, N.Y. Labor Law §§ 650, *et seq.* and 190, *et seq.* and 12 NYCRR § 142-1.1, *et seq.* (collectively the "NYLL") as well as New Jersey Wage and Hour Laws and Regulations ("NJWHLR"), N.J.S.A. 34:11-56a, *et seq.*

3.     Defendants jointly employed Plaintiff and other similarly situated "office supervisors" and any other employees (collectively the "workers") whose primary duties were to open and/or close the store, process sales and answer phone calls to the store.

4.     Defendants improperly classified these workers as salary-exempt employees and paid them a fixed salary regardless of how many hours they worked per week.

5.     As a result, Defendants failed to pay the workers overtime compensation at a rate of not less than one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) per workweek.

6.     Plaintiff asserts the FLSA claims not only individually, but also on behalf of a putative FLSA Collective, defined as:

> *All individuals who, at any time within the period of from 3 years prior to the filing of this Complaint through the date of judgment, worked in the office of a furniture store serviced by Planned Furniture Promotions, were paid a salary, and held the position of "office supervisor," and/or were responsible for office-opening/closing duties, processing sales, and answering the store phone.*

7.     Plaintiff seeks to send a Notice pursuant to 29 U.S.C. § 216(b) to the putative members of the FLSA Collective permitting them to assert FLSA claims in this Collective Action by filing their consent forms.

8.     Defendants have willfully and intentionally committed widespread violations of the above-described statutes and corresponding regulations, in the manner described herein.

## JURISDICTION AND VENUE

9.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this action involves the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, a federal statute.

10.     The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367 because those claims derive from a common nucleus of operative facts as Plaintiff's federal claims.

11.     Personal jurisdiction is proper because both Defendants maintained systematic and continuous contacts with the State of New Jersey, such as employing Plaintiff and other individuals to perform work in New Jersey, and Plaintiff's claims arise out of those contacts.

12.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c) because a substantial part of the acts or omissions giving rise to this action occurred in this District and Defendants are subject to personal jurisdiction in this District.

## THE PARTIES

### *Defendants*

13.     Defendant Planned Furniture Promotions, Inc. ("PFP") is a for-profit entity created and existing under and by virtue of the laws of the Commonwealth of Pennsylvania.

14.     PFP maintains a principal place of business at 9 Moody Road Building D, Suite 18, Enfield, Connecticut 06082.

15.     According to its website (http://www.pfpnow.com/), PFP is the "retail home furnishing promotional specialist" which provides liquidation services and conducts sales promotions for furniture retailers.

### *Plaintiff*

16.     Plaintiff Roberta Danza is a resident of the County of Rowan and State of North Carolina.

17.     Plaintiff was employed by Defendants to work as an "office supervisor" for the periods of approximately April 2016 to December 2016 in the State of New Jersey and approximately February 2017 to June 2017 in the State of New York.

18. Plaintiff's written consent to become an FLSA party plaintiff is attached hereto as **Exhibit 1**.

## FACTUAL ALLEGATIONS

19. Plaintiff repeats and re-alleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

20. Each Defendant is an enterprise engaged in commerce as defined under the FLSA.

21. Each Defendant has an annual dollar volume of sales or business done of at least $500,000.

22. Each Defendant has two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

23. Defendants were the joint employers of Plaintiff and the putative FLSA collective members under 29 U.S.C. § 203(d) and 29 CFR 791.2.

24. Defendants were the joint employers of Plaintiff under N.Y. Labor Law §§ 190(2), 651(5) and N.J.S.A. 34:11-56a1(g).

25. Defendants "suffered or permitted" Plaintiffs and the putative FLSA collective to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

26. Defendants, directly or indirectly, hired Plaintiff and the putative FLSA collective members; controlled their work schedules and conditions of employment; and determined the rate and method of the payment of wages.

27. PFP had authority to hire and fire Plaintiff and other putative FLSA collective members.

28. PFP had authority to promulgate work rules and assignments, and set conditions of employment, including compensation, benefits, and hours for Plaintiff and other putative FLSA collective members.

29. PFP exercised day-to-day supervision over Plaintiff and other putative FLSA collective members.

30. Plaintiff was employed by Defendants to work as an "office supervisor" from approximately April 2016 to December 2016 at Diamond Furniture, 5401 Route 42 Turnersville, NJ 08012, when Defendants sent a crew there to provide liquidation services and conduct sales promotions.

31. Plaintiff was employed by Defendants to work as an "office supervisor" from approximately February 2017 to June 2017 at Carolina Furniture, 3144 Orchard Park Rd, West Seneca, NY 14224 when Defendants sent a crew there to provide liquidation services and conduct sales promotions.

32. While employed by Defendants as an "office supervisor." Plaintiff's primary job duties were to open and/or close the store, process sales, and answer store phone calls.

33. PFP required Plaintiff to use specific procedures for opening and/or closing the store, processing sales, including entering sales information into specific forms, ledgers, and worksheets, and storing sales records in specific places.

34. PFP required Plaintiff to use specific procedures for answering store phone calls, including how to respond to and/or escalate various customer inquiries.

35. Plaintiff reported to Linda Ruscio.

36. Ms. Ruscio worked as a manager of the offices of furniture stores services by PFP.

37. Ms. Ruscio held herself out to clients as a "Consultant" for PFP.

38. Ms. Ruscio communicated with Plaintiff from an e-mail account with the domain address "pfpnpw.com," which is the website for PFP.

39. Ms. Ruscio worked in the same office with Plaintiff at both Diamond Furniture and Carolina Furniture.

40. Ms. Ruscio closely monitored and supervised Plaintiff.

41. Ms. Ruscio directed and evaluated Plaintiff's job performance on a day-to-day basis.

42. Ms. Ruscio required Plaintiff to adhere to PFP's specific procedures for processing sales and answering store phone calls.

43. Plaintiff received her pay checks from Wage Solutions, Inc.

44. Defendants improperly classified Plaintiff and other putative FLSA Collective members as salary-exempt employees.

45. Defendants paid Plaintiff and other putative FLSA Collective members a salary that did not increase on account of working in excess of forty (40) hours in a workweek.

46. The salary Defendants paid Plaintiff and other members of the putative FLSA Collective did not satisfy the "salary basis" requirement of 29 CFR § 541.600(a) because it was "subject to reduction because of variations in the quality or quantity of the work performed." 29 CFR § 541.602.

47. For example, in Fall of 2016, Defendants paid Plaintiff a salary of $775 per week.

48. However, in the weeks ending December 3, 2016 and December 10, 2016, Defendants reduced Plaintiff's weekly salary to $645 because Planned Furniture Promotion's promotion at Diamond Furniture was nearing its end and the workload decreased.

49. Plaintiff and the putative FLSA Collective members regularly worked more than 40 hours a week.

50. As a result, Defendants failed to pay Plaintiff and the putative FLSA Collective members overtime compensation at a rate of not less than one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) per workweek.

51. For instance, attached as **Exhibit 2** is Plaintiff's paystub for the workweek of July 10, 2016 to July 16, 2016. The paystub shows Defendants established payroll on a weekly basis and paid Plaintiff $700 for "40" hours of work.

52. During this workweek of July 10, 2016 to July 16, 2016, Plaintiff actually worked 6 days and approximately 65 hours.

53. Therefore, Defendants failed to pay Plaintiff overtime compensation at a rate of not less than one and one-half (1.5) times her regular rate of pay for all hours she worked in excess of forty (40) in a workweek, in violation of the FLSA, NYLL and NJWHLR.

54. Plaintiff and the putative FLSA Collective members were subjected to the common pay policy and practice of Defendants as stated herein that violated the FLSA.

55. Defendants maintained control, oversight, and direction over Plaintiff and the putative FLSA Collective members, including the promulgation and enforcement of policies affecting the payment of their wages including overtime compensation.

56. Defendants' wrongful acts and/or omissions/commissions, as alleged herein, were not made in good faith or in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the U.S. Department of Labor or any administrative practice or enforcement policy of such a department or bureau.

57. Defendants' widespread violations of the above-described federal wage and hour statutes and regulations were willful, arbitrary, unreasonable and/or in bad faith.

## **COLLECTIVE ACTION ALLEGATIONS**

58. Plaintiff repeats and re-alleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

59. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on her own behalf and on behalf of:

> *All individuals who, at any time within the period of from 3 years prior to the filing of this Complaint through the date of judgment, worked in the office of a furniture store serviced by Planned Furniture Promotions, were paid a salary, and held the position of "office supervisor," and/or were responsible for office-opening/closing duties, processing sales and answering the store phone.*

Plaintiff reserves the right to amend this definition as necessary.

60. Plaintiff brings this Collective Action against Defendants to recover unpaid overtime compensation, liquidated damages, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

61. The Collective Action further alleges a willful violation of the FLSA and is covered by a third year of limitations.

62. Plaintiff seeks to send a Notice pursuant to 29 U.S.C. § 216(b) to the putative members of the FLSA Collective permitting them to assert FLSA claims in this Collective Action by filing their individual consent forms.

63. With respect to the claims set herein, a collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The class of employees on behalf of whom Plaintiff brings this collective action are similarly situated because: (a) they have been or are performing the same or similar job duties as one another on behalf of Defendants; (b) they were or are subject to the same or similar unlawful practices, policy, or plan; and (c) their claims are based upon the same factual and legal theories.

64. Members of the FLSA Collective are all improperly classified as exempt employees by Defendants.

65. The salary Defendants paid Plaintiff and other members of the putative FLSA Collective did not satisfy the "salary basis" requirement of 29 CFR § 541.600(a) because it was "subject to reduction because of variations in the quality or quantity of the work performed." 29 CFR § 541.602.

66. As a result of the foregoing policies, there were many weeks in which Defendants failed to compensate members of the FLSA Collective at an overtime premium rate of not less than one and one-half (1.5) times their regular rate of pay for hours worked in excess of forty (40) per workweek as required by the FLSA.

67. Plaintiff anticipates that there will be no difficulty in the management of this litigation. This litigation presents claims under the FLSA, a type that have often been prosecuted on a class wide basis, and the manner of identifying the Collective and providing any monetary relief to it can be effectuated from a review of Defendant's records.

68. Plaintiff and the putative FLSA Collective members demand a trial by jury.

**FIRST CLAIM FOR RELIEF**
(*Collective Action Claim for Unpaid Overtime under the FLSA*)

69. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

70. 29 U.S.C. § 207(a)(1) provides:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular

9

rate at which he is employed.

71. Defendants were the joint employers of Plaintiff and the putative FLSA Collective members under 29 U.S.C. § 203(d) and 29 CFR 791.2.

72. Defendants improperly classified Plaintiff and the putative FLSA Collective members as exempt employees.

73. Plaintiff and the putative FLSA Collective members performed primary job duties that do not fall within any exemptions from overtime under the FLSA.

74. Plaintiff and the putative FLSA Collective members regularly worked over forty (40) hours per workweek.

75. Defendants paid Plaintiff and other putative FLSA Collective members a salary that did not increase on account of working in excess of forty (40) hours in a workweek.

76. The salary Defendants paid Plaintiff and other members of the putative FLSA Collective did not satisfy the "salary basis" requirement of 29 CFR § 541.600(a) because it was "subject to reduction because of variations in the quality or quantity of the work performed." 29 CFR § 541.602.

77. Defendants failed to pay Plaintiff and the FLSA Collective members overtime compensation at a rate of not less than one and one-half (1.5) times their regular rate of pay for hours worked in excess of forty (40) per workweek as required by the FLSA.

78. Defendants' conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

79. Because Defendants willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation pursuant to 29 U.S.C. § 255(a).

80. As a result of Defendants' uniform policies and practices described above, Plaintiff and the putative FLSA Collective members were illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

## SECOND CLAIM FOR RELIEF
(*Individual Claim for Unpaid Overtime under the FLSA*)

81. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

82. Defendants were the joint employers of Plaintiff under 29 U.S.C. § 203(d) and 29 CFR 791.2.

83. Defendant improperly classified Plaintiff as an exempt employee.

84. Plaintiff's primary job duties did not fall within any exemptions from overtime under the FLSA.

85. Plaintiff regularly worked over forty (40) hours per workweek.

86. Defendants paid Plaintiff a salary that did not increase on account of working in excess of forty (40) hours in a workweek.

87. The salary Defendants paid Plaintiff was subject to reduction because of variations in the quality or quantity of the work she performed.

88. Defendants failed to pay Plaintiff overtime compensation at a rate of not less than one and one-half (1.5) times her regular rate of pay for hours worked in excess of forty (40) per workweek as required by the FLSA.

89. Defendants' conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

11

90. Because Defendants willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation pursuant to 29 U.S.C. § 255(a).

91. As a result of Defendants' uniform policies and practices described above, Plaintiff was illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

### THIRD CLAIM FOR RELIEF
(*Individual Claim for Unpaid Overtime under the NYLL*)

92. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

93. Defendants were the joint employers of Plaintiff under N.Y. Labor Law §§ 190(2), 651(5).

94. Defendants improperly classified Plaintiff as an exempt employee.

95. Plaintiff performed primary job duties that do not fall within any exemptions from overtime under the NYLL.

96. Plaintiff regularly worked over forty (40) hours per workweek.

97. Defendants paid Plaintiff and other putative FLSA Collective members a salary that did not increase on account of working in excess of forty (40) hours in a workweek.

98. The salary Defendants paid Plaintiff was subject to reduction because of variations in the quality or quantity of the work she performed.

99. Defendants failed to pay Plaintiff overtime compensation at a rate of not less than one and one-half (1.5) times her regular rate of pay for hours worked in excess of forty (40) per workweek as required by the NYLL.

100. Defendants' conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

101. As a result of Defendants' uniform policies and practices described above, Plaintiff was illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, liquidated damages, pre-judgment interest, reasonable attorneys' fees, costs and other compensation pursuant to NYLL.

## FOURTH CLAIM FOR RELIEF
(*Individual Claim for Unpaid Overtime under the NJWHLR*)

102. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

103. Defendants were the joint employers of Plaintiff under N.J.S.A. 34:11-56a1(g).

104. Defendant improperly classified Plaintiff as an exempt employee.

105. Plaintiff performed primary job duties that do not fall within any exemptions from overtime under the NJWHLR.

106. Plaintiff regularly worked over forty (40) hours per workweek.

107. Defendants paid Plaintiff and other putative FLSA Collective members a salary that did not increase on account of working in excess of forty (40) hours in a workweek.

108. The salary Defendants paid Plaintiff was subject to reduction because of variations in the quality or quantity of the work she performed.

109. Defendants failed to pay Plaintiff overtime compensation at a rate of not less than one and one-half (1.5) times her regular rate of pay for hours worked in excess of forty (40) per workweek as required by the NJWHLR.

110. Defendants' conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

111. As a result of Defendants' uniform policies and practices described above, Plaintiff was illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, pre-judgment interest, reasonable attorneys' fees, costs and other compensation pursuant to NJWHLR.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief against Defendants, and each of them, individually, jointly and severally:

(A) A declaratory judgment that Defendants' wage practices alleged herein violate the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(B) A declaratory judgment that Defendants' wage practices alleged herein violate the overtime provisions of the New York Labor Law, N.Y. Lab. Law §§ 650 *et seq*. and 190, *et seq.* and 12 NYCRR § 142-1.1, *et seq.*;

(C) A declaratory judgment that Defendants' wage practices alleged herein violate the overtime provisions of the New Jersey Wage and Hour Laws and Regulations ("NJWHLR"), N.J.S.A. 34:11-56a, *et seq.*;

(D) An Order for injunctive relief ordering Defendant to comply with the FLSA, NYLL and NJWHLR end all of the illegal wage practices alleged herein;

(E) Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein;

(F) Ordering Defendants to disclose in computer format, or in print if no computer readable format is available, the names, addresses, e-mail addresses, telephone numbers, dates of birth, job titles, dates of employment and locations of employment of all FLSA

Collective members;

(G) Authorizing Plaintiff's counsel to send notice(s) of this action to all FLSA Collective and members, including the publishing of notice in a manner that is reasonably calculated to apprise the FLSA Collective members of their rights by law to join and participate in this lawsuit;

(H) Designating Lead Plaintiff as the representative of the FLSA collective in this action;

(I) Designating the undersigned counsel as counsel for the FLSA collective in this action;

(J) Judgment for damages for all unpaid overtime compensation and liquidated damages to which Plaintiff and the FLSA Collective members are lawfully entitled under the FLSA, 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(K) Judgment for damages for all unpaid overtime compensation, liquidated damages and pre-judgment interest to which Plaintiff is lawfully entitled under the New York Labor Law, N.Y. Lab. Law §§ 650 *et seq.* and 190, *et seq.* and 12 NYCRR § 142-1.1, *et seq.*;

(L) Judgment for damages for all unpaid overtime compensation and pre-judgment interest to which Plaintiff is lawfully entitled under the NJWHLR, N.J.S.A. 34:11-56a, *et seq.*;

(M) An incentive award for the Lead Plaintiff for serving as representative of the FLSA collective in this action;

(N) Awarding reasonable attorneys' fees and costs incurred by Plaintiff in this action as provided by the FLSA, NYLL and NJWHLR;

(O) Judgment for any and all civil penalties to which Plaintiff and the FLSA Collective members may be entitled; and

(P) Such other and further relief as to this Court may deem necessary, just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all questions of fact raised by the Complaint.

Dated: March 16, 2018  Respectfully Submitted,

By: /s/ *Jason T. Brown*
Jason T. Brown (NJ Bar ID 35921996 )
Nicholas Conlon (NJ Bar ID 34052013)
**JTB LAW GROUP, LLC**
155 2nd Street, Suite 4
Jersey City, NJ 07302
Telephone: (877) 561-0000
Facsimile: (855) 582-5297
Email: jtb@jtblawgroup.com
nicholasconlon@jtblawgroup.com

*Lead Counsel for Plaintiff*